UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| NICOLE L. GLEN and ALEXANDER C. GLEN, individually, and for all those similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 4:08-cv-00730-RWS |
| v. | ) ) ) | |
| FAIRWAY INDEPENDENT MORTGAGE CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**ANSWER OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendant Fairway Independent Mortgage Corporation ("Fairway") hereby answers the Fourth Amended Complaint ("Fourth Amended Complaint") (Docket No. 57) brought by plaintiffs Nicole L. Glen and Alexander C. Glen ("plaintiffs") filed by plaintiffs on May 4, 2009 and accepted by the Court on May 28, 2009 (see Docket No. 56).

Except as expressly admitted or denied herein, Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Fourth Amended Complaint. In response to the numbered allegations of the Fourth Amended Complaint, Fairway states as follows:

1. Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Fourth Amended Complaint.

2. Fairway admits that it is a corporation organized and existing under the laws of the State of Texas.

3. Fairway admits that in some transactions it acts as a mortgage broker to assist consumers in obtaining financing for the purchase or refinancing of residential property. Fairway is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Fourth Amended Complaint.

4. Paragraph 4 of the Fourth Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Fourth Amended Complaint.

**COUNT I: Violation of R.S. Mo. §407.010,** *et seq.*

5. Fairway repeats, realleges, and incorporates fully herein its responses to Paragraphs 1-4 and 6-41 of this Answer as if fully set forth herein.

6. Fairway admits that on or about January 3, 2006, plaintiffs purchased a home at 125 Sterling Crossing, O'Fallon, Missouri. Fairway is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Fourth Amended Complaint.

7. Fairway admits the allegations set forth in Paragraph 7 of the Fourth Amended Complaint to the extent plaintiffs allege that Fairway originated and acted as a broker for two mortgage loans to plaintiffs in the amounts of $432,671 and $115,379. Fairway is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Fourth Amended Complaint.

8. Fairway admits the allegations set forth in Paragraph 8 to the extent that plaintiffs allege that plaintiffs completed a loan application in connection with their purchase of the Sterling Crossing property and that the loan application, among other things, contained a

provision requesting plaintiffs to disclose their total monthly income.  Fairway denies the remaining allegations set forth in Paragraph 8 of the Fourth Amended Complaint.

  9. Fairway denies the allegations set forth in Paragraph 9 of the Fourth Amended Complaint.

  10. Fairway denies the allegations set forth in Paragraph 10 of the Fourth Amended Complaint.

  11. In answering the allegations set forth in the first sentence of Paragraph 11 of the Fourth Amended Complaint, Fairway admits that Ohio Savings Bank funded the Plaintiffs' loans.  Fairway is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Fourth Amended Complaint.

  12. Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Fourth Amended Complaint.

  13. Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Fourth Amended Complaint.

  14. Fairway denies the allegations set forth in Paragraph 14 of the Fourth Amended Complaint.

  15. Fairway denies the allegations set forth in Paragraph 15 of the Fourth Amended Complaint.

  16. Fairway denies the allegations set forth in Paragraph 16 of the Fourth Amended Complaint.

  The remainder of Count I contains a prayer for relief to which no response is required. To the extent a further response is required, Fairway denies that plaintiffs are entitled to the relief requested.

## COUNT II: Breach of Fiduciary Duty

17. Fairway repeats, realleges, and incorporates fully herein its responses to Paragraphs 1-16 and 18-41 of this Answer as if fully set forth herein.

18. Fairway denies the allegations set forth in Paragraph 18 of the Fourth Amended Complaint.

19. Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Fourth Amended Complaint.

20. Fairway admits to the allegations set forth in Paragraph 20 of the Fourth Amended Complaint.

21. Fairway denies the allegations set forth in Paragraph 21 of the Fourth Amended Complaint.

22. Fairway denies the allegations set forth in Paragraph 22 of the Fourth Amended Complaint.

23. Fairway denies the allegations set forth in Paragraph 23 of the Fourth Amended Complaint.

24. Fairway denies the allegations set forth in Paragraph 24 of the Fourth Amended Complaint.

25. Fairway denies the allegations set forth in Paragraph 25 of the Fourth Amended Complaint.

The remainder of Count II contains a prayer for relief to which no response is required. To the extent a further response is required, Fairway denies that plaintiffs are entitled to the relief requested.

**Count III: Merchandising Practices Act – Class Claim**

26.     Fairway repeats, realleges, and incorporates fully herein its responses to Paragraphs 1-25 and 27-41 of this Answer as if fully set forth herein.

27.     Fairway admits the allegations set forth in Paragraph 27 of the Fourth Amended Complaint.

28.     Fairway admits, upon information and belief, that on or about May 13, 2005, the plaintiffs signed a document provided by Defendant Fairway entitled "Fairway Independent Mortgage Corporation Loan Origination Agreement."  With respect to the remaining allegations in Paragraph 28, Fairway states that the document speaks for itself as to its content.

29.     In answering the allegations set forth in the first sentence of paragraph 29, Fairway admits, upon information and belief, that in or around May 2005, Fairway provided to plaintiffs a "good faith estimate" of closing costs and settlement charges.  With respect to the allegations contained in the second and fourth sentences of Paragraph 29 of the Fourth Amended Complaint, Fairway states that the document speaks for itself as to its content.  Fairway denies the remaining allegations set forth in Paragraph 29 of the Fourth Amended Complaint.

30.     Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Fourth Amended Complaint.

31.     Fairway denies the allegations set forth in Paragraph 31 of the Fourth Amended Complaint.

32.     Fairway admits that it disclosed the yield-spread premium to the plaintiffs at the closing of their mortgage loans.  Fairway denies the remaining allegations set forth in Paragraph 32 of the Fourth Amended Complaint.

33. The allegations set forth in Paragraph 33 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Fairway denies the allegations set forth in Paragraph 33 of the Fourth Amended Complaint.

34. Paragraph 34 of the Fourth Amended Complaint consists of plaintiffs' proposed class definition to which no response is required. To the extent that a response is required, Fairway denies the allegations set forth in Paragraph 34 of the Fourth Amended Complaint.

35. The allegations set forth in Paragraph 35 of the Fourth Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Fourth Amended Complaint.

36. Fairway denies the allegations set forth in Paragraph 36 of the Fourth Amended Complaint.

37. Fairway denies the allegations set forth in Paragraph 37 of the Fourth Amended Complaint.

38. Fairway is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Fourth Amended Complaint.

39. Fairway denies the allegations set forth in Paragraph 39 of the Fourth Amended Complaint.

40. Fairway denies the allegations set forth in Paragraph 40 of the Fourth Amended Complaint.

41. Fairway denies the allegations set forth in Paragraph 41 of the Fourth Amended Complaint.

The remainder of Count III contains a prayer for relief to which no response is required. To the extent a further response is required, Fairway denies that plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

I.

Plaintiffs' Fourth Amended Complaint fails to state a claim or cause of action upon which the relief sought or any relief can be granted against Fairway.

II.

Plaintiffs are barred from recovering damages from Fairway under the doctrines of waiver, estoppel, ratification, and settlement and release.

III.

Plaintiffs are barred from recovering damages from Fairway under the voluntary payment doctrine.

IV.

Plaintiffs are estopped from having or obtaining judgment against Fairway under the equitable doctrine of unclean hands.

V.

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

VI.

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered any damages or ascertainable loss, and, to the extent they have suffered damages, any damages must be offset against the value of the goods, facilities and services provided by Fairway in connection with the plaintiffs' mortgage loan transactions.

VII.

Any damages incurred by plaintiffs were a direct and proximate result of acts, omissions or negligence on the part of plaintiffs or third parties not within the knowledge or control of Fairway, for which acts or omissions Fairway is not responsible, and were sustained, if at all, without negligence or wrongful act or omission on the part of Fairway.

VIII.

Plaintiffs' claims are barred or, alternatively, plaintiffs' damages must be reduced, under the doctrines of failure to mitigate damages and avoidable consequences.

IX.

Plaintiffs' claims are barred by their binding, voluntary agreement to the terms and conditions of the loans at issue.

X.

Plaintiffs' claims are barred because, among other reasons, plaintiffs consented to and approved of the conduct and terms that form the basis for their alleged claims.

XI.

Plaintiffs' claims are barred by their binding, voluntary agreement to mandatory participation in mediation proceedings on each point of dispute prior to filing any lawsuit.

XII.

Fairway has, at all times relevant to this action, complied with all applicable laws and regulations governing the conduct of its business in Missouri.

XIII.

Fairway has, at all times relevant to this action, complied with all applicable Federal laws and regulations governing the conduct of its business.

...

XIV.

Plaintiffs have failed to state a cause of action under the Missouri Merchandising Practices Act because Fairway has, at all times relevant to this action, acted in compliance with all applicable Federal regulatory schemes.

XV.

Plaintiffs' claims for punitive damages are barred because none of the alleged actions and conduct of Fairway and/or its officers, servants, agents and employees were willful, wanton, malicious, intentional and/or committed with reckless disregard of the rights of plaintiffs, and an award for damages against Fairway would violate Fairway's rights under the 5th and 14th Amendments to the United States Constitution and the Missouri Constitution.

XVI.

Fairway hereby puts plaintiffs on notice that it intends to rely upon such further defenses as are developed during the course of discovery in this matter and upon all defenses asserted by any other defendants in this matter. Fairway reserves the right to amend this Answer accordingly.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | FAIRWAY INDEPENDENT MORTGAGE CORPORATION, |
|  | By its attorneys, |
|  | /s/ Brian M. Forbes |
|  | David D. Crane, #2896 |
|  | david.crane@huschblackwell.com |
|  | HUSCH BLACKWELL SANDERS LLP |
|  | 190 Carondelet Plaza, Suite 600 |
|  | St. Louis, MO 63105-3441 |
|  | (314) 480-1500 – Telephone |
|  | (314) 480-1505 – Facsimile |
|  |  |
|  | R. Bruce Allensworth (Pro Hac Vice) |
|  | bruce.allensworth@klgates.com |
|  | Brian M. Forbes (Pro Hac Vice) |
|  | brian.m.forbes@klgates.com |
|  | Robert W. Sparkes, III (Pro Hac Vice) |
|  | robert.sparkes@klgates.com |
|  | K&L GATES LLP |
|  | State Street Financial Center |
|  | One Lincoln Street |
|  | Boston, MA 02111 |
|  | (617) 261-3100 – Telephone |
| Dated:  June 11, 2009 | (617) 261-3175 – Facsimile |

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 11, 2009.

                                                /s/ Brian M. Forbes
                                                Brian M. Forbes