UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE GLEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV730 RWS |
| | ) |
| FAIRWAY INDEPENDENT MORTGAGE CORP., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before me on defendant's motion to clarify my February 22, 2010 Memorandum and Order granting class certification. In that Order, I held that a five-year statute of limitations applies to plaintiffs' claims. Because I held that a five-year statute of limitations should apply, the amended class definition should include a class period beginning in 2003. Plaintiffs argue that, if a five-year limitations period applies, then the class period should extend back to April 21, 2003, five years from the date they first asserted class claims pertaining to yield-spread premiums in their first amended complaint. Defendant argues that the class period should begin October 24, 2003, five years from the date plaintiffs filed their third amended complaint.

Fed. R. Civ. P. 15(c)(1)(B) provides that an amendment relates back to the filing of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading . . . ." "The basic inquiry is whether the amended complaint is related to the general fact situation alleged in the original pleading." Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1543 (8th Cir. 1996). The

rationale behind the rule is that "a party who has been notified of litigation concerning a particular occurrence has been give all the notice that statutes of limitations were intended to provide." Maegdlin v. International Assoc. of Machinists and Aerospace Workers, Dist. 949, 309 F.3d 1051, 1052 (8th Cir. 2002) (internal quotation marks and citation omitted). Courts have permitted relation back of amendments that "change the legal theory of the action, add other claims arising out of the same transaction or occurrence, or increase the amount of damages claimed." Alpern, 84 F.3d at 1543 (internal citations omitted). "It is the facts well pleaded, not the theory of recovery or legal conclusions, that state a cause of action and put a party on notice." Maegdlin, 309 F.3d at 1053 (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)).

Plaintiffs' claims relate back to the date that they first asserted class claims pertaining to yield-spread premiums in their first amended complaint. Plaintiffs' current class claim is related to the general facts alleged in their first amended complaint, and the first amended complaint put defendant on notice of litigation concerning its yield-spread premiums. That the operative complaint changed the legal theory of the claim does not mean that it does not relate back to the first amended complaint. **The class period should extend back to April 21, 2003.**

Accordingly.

**IT IS HEREBY ORDERED** that defendant's motion to clarify [#89] is granted as set out above.

**IT IS FURTHER ORDERED** that Bruce Allensworth is granted leave to participate in Thursday's scheduling conference by telephone.  **Mr. Allensworth is responsible for contacting my chambers at 314-244-7430 five minutes before the scheduled start of the conference.**

                                                      RODNEY W. SIPPEL
                                                      UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2010.