UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE L. GLEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:08-cv-00730-RWS |
| | ) |
| FAIRWAY INDEP. MORTGAGE CORP., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Come now Plaintiffs, by their undersigned counsel, having conferred with counsel for Defendant, pursuant to this Court's order of January 12, 2011, hereby submit revised Notice of Class Action Settlement and revised Proposed Order.

**BUTSCH SIMERI FIELDS LLC**

/s/ David T. Butsch
David T. Butsch, #2760
James J. Simeri, #102201
7733 Forsyth Blvd., Ste. 700
Clayton, MO 63105-2015
314.863.5700
314.863.5711 (fax)
butsch@stlouislaw.com
simeri@stlouislaw.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on January 20, 2011 this paper was filed electronically and served with the Clerk of the Court to be served by operation of the Court's electronic-filing system on all counsel of record:

| Party | Counsel |
|---|---|
| Defendant Fairway Indep. Mortgage Corp. | David D. Crane<br>GALLOP JOHNSON & NEUMAN<br>101 S. Hanley, Ste. 1700<br>St. Louis, MO 63105<br><br>D. Barclay Edmundson<br>BARCLAY EDMUNDSON & ASSOCIATES<br>316 Redwood Dr.<br>Pasadena, CA  91105 |

/s/ David T. Butsch

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE L. GLEN and ALEXANDER C. GLEN, individually, and for all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FAIRWAY INDEPENDENT MORTGAGE CORPORATION,<br><br>    Defendant. | No. 4:08-cv-00730-RWS |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

TO: All customers of Fairway Independent Mortgage Corporation in Missouri who, from April 21, 2003 to the present, entered into a real estate financing transaction in which Fairway promised in writing that it would disclose additional compensation that it would receive from the lender on a good-faith estimate, and in which Fairway did in fact receive additional compensation from the lender.

**This Notice May Affect Your Rights; Please Read it Carefully**

**I. WHY SHOULD I READ THIS NOTICE?**

  This notice is sent to inform you about benefits you may be entitled to receive. Settlement of the lawsuit has been conditionally approved by the Court. As discussed below, you may be entitled to benefits under the proposed settlement.

**2. WHAT IS A CLASS ACTION?**

  A class action is a type of lawsuit in which one or a few plaintiffs bring suit on behalf of all of the members of a similarly-situated group to recover damages for all of the group, without each class member needing to file an individual lawsuit. Class actions are used where the class members' claims raise common issues of law or fact. Use of a class action eliminates the need to file multiple suits, and assures that identical claims are treated identically.

3.     **WHAT IS THE LAWSUIT ABOUT?**

Nicole Glen and Alexander Glen ("Plaintiffs") filed this lawsuit, claiming that Fairway, acting as a mortgage broker, failed to disclose to its customers in a good-faith estimate, contrary to a written promise, that it was to receive additional compensation or yield-spread premium fees from a lender in connection with the Plaintiffs' loan transactions. Plaintiffs claim that the failure to make the disclosure of payment of the yield spread premium fee as promised constitutes a deceptive and an unfair practice in violation of the Missouri Merchandising Practices Act, §407.010, RSMo. *et seq.* ("the MMPA"). On behalf themselves and all other similarly situated Fairway customers in Missouri, Plaintiffs seek money damages from Fairway under the MMPA.

Although a class was certified, Fairway denies that it violated the MMPA, that it failed to make any required disclosure, or that Plaintiffs or class members are entitled to the requested relief. To date, no MMPA violation by Fairway has been established.

No court in this case has found or ruled that Fairway has violated or has not violated the MMPA as alleged. Plaintiff and Fairway have agreed to this settlement to avoid the risks and expenses of continuing litigation and not as an admission of liability or of non-liability. Fairway specifically denies that it has violated the law or damaged class members in any way.

4.     **WHO IS INCLUDED IN THIS SETTLEMENT?**

The class consists of all the Missouri customers of Fairway as described in the very beginning of this notice. If this notice was addressed to you, you were identified in Fairway's records as a member of the class.

5.     **WHAT WILL I RECEIVE UNDER THE PROPOSED SETTLEMENT?**

The parties have entered into a proposed settlement of the lawsuit. Under the proposed settlement, each member of the class will be entitled to receive his or her *pro rata* share of the $1,025,000 settlement amount, following payment of attorneys' fees and expenses. Class members whose loans were used to purchase their home will be reimbursed at a 2-to-1 ratio compared to those who obtained refinancing loans. Average payments to class members are estimated to exceed $150, with some recoveries substantially more.

Any settlement checks not cashed within 60 days of issuance will expire. Fairway will have no further obligation to make payment.

**6.     WHAT DO I NEED TO DO TO BE ENTITLED TO THE SETTLEMENT BENEFITS?**

You do not need to do anything to participate in the settlement. If you change your address after receiving this notice, please send a note with your new address to: David T. Butsch, Butsch Simeri Fields LLC, 231 S. Bemiston Ave., Suite 260, Clayton, MO 61305.

**7.     WHAT ARE OTHER IMPORTANT TERMS OF THE CLASS SETTLEMENT?**

If the Court approves the proposed settlement, it will enter a judgment binding on all members of the Class who have not opted out, as set forth more fully below.

   A.     <u>Payments to Attorneys and Class Representative</u>

Subject to Court approval, attorneys for Plaintiff and the Class will be reimbursed for attorneys' fees and costs for prosecuting the lawsuit.  The attorneys will be paid fees of 33.33% of the settlement amount, or $341,667 and be reimbursed for up to $25,000 in litigation expenses.

   B.     <u>Release by Class Members of All Claims</u>

In return for the settlement benefits, the claims of all members of the Class against Fairway will be dismissed with prejudice and all members of the Class will release and be permanently barred from hereafter suing Fairway for any claim pertaining to disclosures made on good faith estimates. This release will not affect any rights or obligations you have with respect to any loan you may have obtained from or through Fairway.

If you have filed bankruptcy in the past three years, or if you are involved in any other lawsuit against Fairway, you may wish to consult with your own attorney concerning how the proposed settlement will affect your rights.

Subject to Court approval, the foregoing release shall apply to and bind Plaintiff and all members of the Class who do not opt out, including those members of the Class whose notices are returned as undeliverable.

8. **WHAT DOES PLAINTIFFS' COUNSEL RECOMMEND REGARDING THE CLASS SETTLEMENT?**

Plaintiff's' Counsel believe that the settlement is fair and in the best interests of the Class. Plaintiffs' Counsel have investigated the facts relating to the claims made in the lawsuit, and recommend this tentative settlement based upon (1) the settlement benefits to be provided the Class; (2) the uncertainty of future litigation given the difficult legal issues presented in the case; (3) their investigation; (4) having assessed the likelihood of prevailing at trial and the range of money damages which ultimately might be established and recovered, or other relief obtained; and (5) after taking into account the likelihood that this litigation, if not now settled by voluntary agreement among the parties, would be further protracted and involve complex issues of fact and law, as well as other issues relating both to liability and to damages, and the other uncertainties and risks inherent in litigation.

9. **HOW CAN I EXCLUDE MYSELF FROM, OR OBJECT TO, THE CLASS SETTLEMENT?**

If you do **NOT** want to remain a class member, you may elect to exclude yourself (**"opt out"**) from the Class. If you so choose, you will not receive any of the benefits under the settlement, but your rights, if any, to sue Fairway will not be barred by the settlement. If you decide to opt you, you must transmit a letter so stating to the following **two** persons by U.S. Mail or fax no later than May 2, 2011:

| | |
|---|---|
| David T. Butsch | David D. Crane |
| Butsch Simeri Fields LLC | Gallop, Johnson & Neuman, L.C. |
| 231 S. Bemiston, Ste. 260 | 101 S. Hanley Rd., Suite 1700 |
| Clayton, MO 63105-2015 | Clayton, MO 63105 |
| 314.863.5711 (fax) | 314.480.1505 (fax) |

You may **OBJECT** to the proposed settlement of the lawsuit or any aspect of it that you think is unfair. The Court will hold a fairness hearing on May 25, 2011 at 10:00 a.m., at the Thomas F. Eagleton Courthouse, 111 S. 10th St., Courtroom 10- South, St. Louis, MO 63102.

If you wish to object to all or any part of the proposed settlement with Fairway, you must file a statement of your intention to do so with the Clerk of the District Court at the following address no later than May 2, 2011:

Clerk, U.S. District Court
Thomas F. Eagleton Courthouse
111 S. 10th Street, Suite 3.300

St Louis, MO 63102

Copies of written objections and notices of intention to appear at the hearing must also be sent to **both** of the persons (David T. Butsch and David D. Crane) listed above.

Should you wish to exclude yourself from the class settlement (i) you will **not** be entitled to receive any settlement benefits from Fairway if the settlement is finally approved; (ii) you will **not** be bound by any further orders or judgment entered for or against the Class, (iii) you may pursue any individual claim you have against Fairway at your own expense, and (iv) you may seek to intervene in this lawsuit as an individual plaintiff at your own expense.

**10.     WHERE CAN I GET ADDITIONAL INFORMATION?**

If you decide to remain a member of the Class and you wish to communicate with or obtain information from Plaintiffs' counsel, you may do so by writing to David T. Butsch, Butsch Simeri Fields LLC, 231 S. Bemiston Ave., Ste. 260, Clayton, MO 61305.

**PLEASE DO NOT CALL OR CONTACT THE CLERK OF THE COURT OR FAIRWAY**

This Notice provides only a summary of matters relating to the litigation. You **MAY DISCUSS THIS WITH YOUR OWN ATTORNEY** or seek Court permission to appear at the fairness hearing through your own attorney.  For more detailed information, you may **examine the Court's file** regarding this litigation during regular business hours, at the office of the Clerk of the United States District Court for the Eastern District of at the address listed above.

Dated: _____, 2011.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE L. GLEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:08-cv-00730-RWS |
| | ) |
| FAIRWAY INDEP. MORTGAGE CORP., | ) |
| | ) |
| Defendant. | ) |

## **PRELIMINARY APPROVAL ORDER**

This matter comes before the Court on the parties' joint motion for preliminary approval of settlement. The Court has considered the Settlement Agreement and Release and the submissions of the parties.

**IT IS HEREBY ORDERED**:

1. The Court finds that the proposed settlement and release, the terms of which are fully set forth in the Settlement Agreement and Release, are fair and reasonable. The settlement as proposed is preliminarily approved.

2. The parties stipulate to settlement on behalf of the certified class defined as follows:

> All customers of Fairway Independent Mortgage Corporation of Missouri who, from April 21, 2003 to the present, entered into a real estate financing transaction in which Fairway promised in writing that it would disclose additional compensation that it would receive

from the lender on a good-faith estimate, and in which Fairway did in fact receive additional compensation from the lender. (The Class does not include Loan No. ******5140).

3. A final approval hearing on the fairness and reasonableness of the proposed settlement and whether the final approval should be granted, and further, application for fees and expenses by counsel for the class will be held before this Court on May 25, 2011 at 10:00 a.m. The parties shall submit a motion for final approval of the settlement no later than May 9, 2011. Counsel for the class shall submit any additional material in support of Plaintiffs' application for fees and expenses no later than May 9, 2011.

4. The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown in Defendant's records. The parties will mail or cause to be mailed a notice, in substantially the same form as Exhibit 2, to class members within twenty-one (21) days of the date of this order. The notice shall be sent by U.S. mail. Further, the notice will be published in the *St. Louis Post-Dispatch* within twenty-one (21) days of the date of this order. The Court finds that the mailing of class notice and publication of same satisfies the requirements of due process and Fed.R.Civ.P. 23(c)(2)(B).

5. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of Missouri, Eastern Division, and serve copies of the objection on counsel for both Plaintiffs and Defendant within the period, no later than May 2,

2

2011, as specified in the notice.  Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class.  Objectors who have filed timely written objections to the settlement must also file with the Clerk a notice of intent appear at the hearing and appear at the final approval hearing.

6. Class members electing to opt-out of the proposed settlement must serve on counsel for each of the parties notice of their election to opt-out no later than May 2, 2011 as specified in the notice.  The notice of elections to opt-out will not be filed with the Court.

SO ORDERED: _____

DATE: _____