UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE L. GLEN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:08-cv-00730-RWS |
| FAIRWAY INDEP. MORTGAGE CORP., | ) |
| Defendant. | ) |

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

The Court hereby enters judgment granting final approval of the proposed class-action settlement in the action brought by Nicole L. Glen and Alexander C. Glen ("the Glens"), and as class representative for the class certified by the Court (the "Class"), against defendant Defendant Fairway Independent Mortgage Corporation ("Fairway"). In entering its judgment, the Court finds and holds as follows:

1. The Court preliminarily approved the Settlement Agreement (the "Settlement Agreement") between parties on January 21, 2011. (Docket No. 119). The Court approved the form of notice to the Class. Notice in the approved form was timely sent on February 11, 2011 by U.S. Mail, first-class postage prepaid, to the members of the Class as shown on the records of Fairway. The notice of class action settlement was published in the St. Louis Post-Dispatch on February 4, 2011. The Court finds that this notice satisfies Due Process as well as the requirements of Rule 23 of the Federal Rules of Civil Procedure. The notice as given was reasonable and no further notice is required to satisfy the requirements of Due Process or any

other applicable law or rule.

2.      The class notice provided that any class member seeking to opt-out of the settlement was to send notice to counsel for the parties no later than May 2, 2011. One class member opted-out of the settlement.

3.      The class notice provided that any class member seeking to object to the proposed settlement must file a written objection with the Court no later than May 2, 2011, and further, file with the Clerk a notice of intent to appear at the final approval hearing. No objections to the proposed settlement have been filed with the Court. Further, no notices of intent to appear at the final approval hearing were filed by any Class member.

4.      The Court held a fairness hearing on the settlement on May 25, 2011. No objectors appeared. The Court carefully considered all of the evidence, the terms of the settlement, the submissions of counsel, and statements adduced at the fairness hearing in determining whether to approve the settlement.

5.      The Court approves the settlement as set forth in the Settlement Agreement as fair, reasonable, and adequate, and directs that the parties administer and disburse the settlement proceeds in accordance with the terms of the Settlement Agreement. No later than forty (40) days following issuance of this order, Class Counsel shall submit a memo to the Court confirming distribution of the settlement proceeds to the Class.

6.      Butsch Simeri Fields LLC ("Class Counsel"), has applied for attorneys' fees in an amount equal to thirty percent (33%) of the settlement proceeds or $341,667. Class Counsel also seeks reimbursement of $25,000 in litigation expenses.

7.  No Class member has objected to the proposed fees and expenses. The Court has concluded that the requested fees and expenses are fair and reasonable, and consistent with awards made in similar cases.

8.  The Court finds that the requested fee and the litigation expenses, are fair and reasonable in light of the amount in controversy in this case, the legal and factual issues presented, the amount of the recovery, the risk of non-recovery, and the quality of the legal work performed, and reflects the fee that would have been negotiated in the open market for legal services of this nature.

9.  The Court grants Class Counsel's application for attorney fees and expenses. approves the attorneys' fee request of $341,667, reimbursement of litigation expenses of $25,000, and orders that such sums be paid from the settlement proceeds per the terms of the Settlement Agreement.

10. Count III of Plaintiffs' Fourth Amended Complain is dismissed with prejudice. All releases provided in the Settlement Agreement are in full force and binding upon the releasing parties and the Class.

11. The Court retains jurisdiction of this action to the extent necessary to enforce the terms of this order and the Settlement Agreement.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2011.